# Knouf's Appeal.

1. The rule as to subrogation exists only when both funds are in the hands of a common debtor of both creditors.

2. The equities between parties cannot be considered upon a motion for subrogation. To entitle a party to subrogation his equity must be strong and his case clear. In such applications great care should be taken by the court that the subrogation will work no injustice to the rights of others; and it will never be allowed where the equity of the party seeking it is no stronger than the equity of the party affected by it.

3. Mechanics' claims have no superior equities over other liens. If as a class they have rights to subrogation at all, it is not because they possess superior merit.

June 13th 1879. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR and WOODWARD, JJ., absent.

Appeal from the Court of Common Pleas of *Northumberland county :* Of May Term 1879, No. 76.

Appeal of Henry Knouf and Ellen J., his wife, from the decree of the court in the matter of the petition for subrogation, in the assigned estate of John Knouf, Peter Heilman and Henry Knouf.

John Knouf and Peter Heilman purchased a piece of land in the borough of Milton, Pa., on the 10th day of July 1875, John Knouf to hold the undivided two-thirds and Peter Heilman the undivided one-third. On the 30th of April 1877, John Knouf sold and conveyed the one undivided third to Henry Knouf. They had erected a planing-mill on this property as partners, doing business under the firm name of Knouf & Co. They commenced the erection of the mill about the 20th of December 1876. Prior thereto the following judgments had been entered up as liens against the property on which the planing-mill was erected.

| | | | |
|---|---|---|---|
| W. P. Hull & J. B. Davis, | July 17th 1875, | . . | $   450.00 |
| "      "      "      " | "      " | . . | 450.00 |
| Alexander Jordan, | Dec. 3d 1875, | . . | 1080.00 |
| White, Lentz & White, | June 7th 1876, | . . | 2375.00 |
| Patrick Coyle, | Dec. 4th 1876, | . . | 880.00 |

$5235.00

In the construction of the mill Knouf & Co. became indebted for lumber and machinery, for which the following mechanics' liens were filed :

| | | | |
|---|---|---|---|
| Houston, Smith & Co., for machinery, | . . . | $1914.90 |
| Rowley & Hermance, "      " | . . . | 1337.00 |
| Bickel & Bailey, "      " | . . . | 936.37 |
| McCleery, Newhard & Co., lumber, | . . . | 376.04 |
| W. D. Snyder, "      materials, | . . . | 132.49 |

$4696.80

These mechanics' liens were all subsequent to the liens of the above-stated judgments.

On the 21st of June 1877, the partners of Knouf & Co. executed a deed of assignment to Albert Cadwallader, for the benefit of their creditors, by which they conveyed all their real and personal estate held by them as partners under the firm name of Knouf & Co.

The assignee presented his petition to court for an order to sell the real estate, discharged of liens, under the Act of 19th of January 1876. An order was awarded, in pursuance of which the real estate of Knouf & Co. was sold. On the 9th of January the assignee filed his account of proceeds. On the 18th of January an auditor was appointed to distribute the balance in the accountant's hands, $4631.14. This sum the auditor distributed to the judgment lien-creditors, and it proved insufficient to pay them. These judgments were liens on individual property of the members of the firm. Alexander Jordan's judgment was the first lien against a farm of Peter Heilman, in Lycoming county, and the others were liens against the individual real estate of John Knouf, in Northumberland county.

On the 25th of March 1878, the plaintiffs in the above stated mechanics' liens, presented their petition to the court praying to be subrogated to the rights of the plaintiffs in the above stated judgments. A rule was granted on the plaintiffs in these judgments (all of which had been paid in full except Patrick Coyle), to show cause why the petitioners should not be subrogated to their rights. But no rule or notice was served on the next lien-creditors.

Ellen J. Knouf, the appellant, had a judgment for $4300, duly entered in Lycoming county, and in Northumberland county, and entitled next to be paid out of the proceeds of the sale of Peter Heilman's farm, and also of John Knouf's property.

She discovered these proceedings, and filed an answer to the rule objecting to subrogation to the prejudice of her rights, because the mechanics' liens were statutory liens, and limited to a specific building and curtilage, against which they had been filed, and could npt by the process of subrogation be extended as liens on a farm in another county, and deprive her of payment of her judgment, duly entered in that county. The court, Rockefeller, P. J., made a decree of subrogation, which was assigned for error.

*P. L. Hackenberg* and *S. P. Wolverton*, for appellants.—It is undoubtedly the law, that when a creditor has a lien upon two funds in the hands of the same debtor, and another creditor has a lien only upon one of the funds, the first may be compelled in equity to resort to the fund which the other cannot reach, but the funds must be in the hands of the common debtor of both creditors: Ex parte Kendall, 17 Vesey 514. The defendants in the

[Knouf's Appeal.]

judgments and mechanics' liens were not common debtors of the same persons: Ebenhart's Appeal, 8 W. & S. 331; Story's Eq. Pl. 642; Dorr *v.* Shaw, 4 Johns. Ch. 332; Gearhart *v.* Jordan, 1 Jones 332; Neff *v.* Miller, 8 Barr 350. The mechanics' liens cannot be changed from specific statutory liens upon the buildings described therein to general liens through subrogation. It would give them the same effect as the lien of a judgment, making them liens on all of a defendant's real estate wherever situate. Subrogation is not to be allowed except in a clear case, and where it works no injustice to the rights of others: Lloyd *v.* Galbraith, 8 Casey 110; Erb's Appeal, 2 Barr 296; Miller *v.* Jacobs, 8 Watts 487. The effect of this subrogation is to make an individual partner pay the debts of the firm without any adjustment of the partnership affairs, and this, without notice of the proceedings for subrogation, which clearly cannot be done: Fessler *v.* Hickernell, 1 Norris 150.

*John McCleery, Franklin Bound* and *J. Merrill Linn,* for appellees.—The lien given by statute to mechanics and material-men differs in no essential particular from a judgment against defendants' interest in the land bound by it. If the quantity of interest is a fee-simple (as it is admitted to be in this case), then the lien covers the fee-simple, and passes the same to the purchaser by a sale of the premises by virtue of proceedings upon the mechanics' liens: Lyon *v.* McGuffy, 4 Barr 128. So far as the real estate of John Knouf, in Northumberland county, is concerned, we think there can be no question as to appellee's right to subrogation as decreed by the court below: Delaware and Hudson Canal Company's Appeal, 2 Wright 512. Now, can there be any doubt in this case, that John Knouf, the grantor and general warrantor, in his deed to Henry Knouf, was bound, as defendant, for the payment of one-half of the four paramount judgments of Hull & Davis and Alexander Jordan et al., and Peter Heilman the other half? The one-half of those judgments already paid to the plaintiffs out of the proceeds of the "planing-mill property," and which John Knouf was bound to pay, is the sum of $2285.88. Therefore, on the principle decided in Gearhart *v.* Jordan, these mechanic lien-creditors, if for no other reason, are entitled to be subrogated to the rights of these paramount judgment-creditors, to that extent at least, as against the proceeds of John Knouf's separate real estate in the hands of his assignee, and now in the court below for distribution. We are lien-creditors of the same common debtors that Ellen Knouf is. The lien bound the separate interest of each defendant in the planing-mill property held by them as tenants in common, not as co-partners. If this equitable doctrine of subrogation can be asserted and enforced by our courts against a fund in another state: Appeal of Allegheny Nat. Bank et al., 2 Leg.

[Knouf's Appeal.]

Opin. 88, and in a foreign jurisdiction, what insuperable obstacle exists to its enforcement in an adjoining county in the same state, and particularly, as in this case, where the funds are in the hands of trustees appointed by, and under the control of the very court that decrees subrogation, and ready for distribution.

Mr. Justice PAXSON delivered the opinion of the court, June 23d 1879.

The appellants object to the order of subrogation made by the court below for the following reasons: 1. There are not two funds belonging to the common debtor.    2. It throws partnership-creditors upon the individual estates of the partners, to the exclusion of individual creditors having liens thereon, and 3. The mechanics' lien-creditors having specific liens only, with no right to proceed against any other property, are not entitled to subrogation.    To decide these questions properly, requires an examination of the facts.

John Knouf, Peter Heilman and Henry Knouf, became the owners in fee as tenants in common, of a lot of land in the borough of Milton, on which they erected a planing-mill, and commenced business under the firm name of Knouf & Co.    Prior to the commencement of the building, the following judgments were entered as liens against the property: Hull & Davis v. John Knouf and Peter Heilman, two judgments of $450 each; Alexander Jordan v. Same, for $1080; White, Lentz & White v. Same, for $2375, and Patrick Coyle v. Same, for $880.    At the time these several judgments were entered, the said John Knouf was the owner of two other lots of ground, one of them situate in the borough of Milton, the other situate in Torbert township, Northumberland county.    The judgments above mentioned, were not only liens upon the mill property, but were also liens upon the individual property of John Knouf, and the judgment of Alexander Jordan, was a lien by transcript, upon the farm of Peter Heilman, in Lycoming county.    Ellen Jane Knouf, one of the appellants, held a judgment of $4300 against the same defendants, which in Northumberland county was subsequent in point of lien, to the mechanics' claims hereinafter mentioned, and was one of the first liens upon the farm of Peter Heilman, in Lycoming county.

We now come to the mechanics' liens, in whose favor the order of subrogation was made.    They were filed for work and materials furnished to the firm of Knouf & Co., for and about the construction of the planing-mill aforesaid, and amounted in the aggregate to the sum of $4696.80.    They were all subsequent as to lien to the five judgments first above stated.

The firm having failed in 1877, executed a deed of assignment of the firm property, for the benefit of its creditors.    John Knouf and Peter Heilman also executed separate assignments of their

10 NORRIS—6

[Knouf's Appeal.]

respective individual estates. The assignee of the firm sold the mill property discharged of all liens, under the Act of 19th January 1876, filed his account of the proceeds, and an auditor was appointed to distribute the balance in his hands, amounting to $4631.14. The auditor awarded the whole of the fund to the judgments which were prior liens to the mechanics' claims, whereupon the latter creditors obtained the order of subrogation, which is the subject of this contention.

It needs but the above statement of facts, to show that the difficulties in the way of the mechanics' lien-creditors, are very serious, leaving out of view any question of the right of subrogation growing out of the peculiar nature of their liens. The claims filed were against the firm, and were for partnership debts. The firm does not, and so far as this record shows, did not own any real estate. The mill lot was owned by the three partners, not as a firm, but as tenants in common. The judgments which were paid out of the fund, and to which the appellees were subrogated, were not against the firm, but against John Knouf and Peter Heilman, two of the members of the firm as individuals, and the fund out of which the appellees claim to be paid, was raised from, or belongs to, the individual estates of the said John Knouf and Peter Heilman. It will thus be seen, that there are not two funds in the hands of a common debtor. There are, in point of fact, three funds, one belonging to Knouf & Co., one to John Knouf, and the third to Peter Heilman. The rule as to subrogation exists only where both funds are in the hands of a common debtor of both creditors. Lloyd *v.* Galbraith, 8 Casey 103; Fessler *v.* Hickernell, 1 Norris 150. There is the further objection that the order throws the payment of the partnership debts upon the individual estates of John Knouf and Peter Heilman. It is impossible for us in this proceeding, to determine the equities between the partners, and Fessler *v.* Hickernell, is an authority in point, that such equities cannot be considered upon a motion for subrogation. To entitle a party to subrogation, his equity must be strong, and the case clear. In such applications great care should be taken by the court, that the subrogation will work no injustice to the rights of others: Erb's Appeal, 2 Barr 296. And it will never be allowed, where the equity of the party seeking it is no stronger than the equity of the party affected by it. I am unable to see what equity the appellees have, that entitles them to be paid their mechanics' claims against the firm of Knouf & Co., out of the individual property of Peter Heilman, in the adjoining county of Lycoming, as against the appellant, who is a judgment-creditor of said Heilman in said county. It is a mistake, to suppose that mechanics' claims have superior equities over other liens. If, as a class, they have any right to subrogation at all, about which I express no opinion, it is not because they possess superior merit.

[Knouf's Appeal.]

While it is to be regretted that the appellees will lose their money, if the fact be so, it was nevertheless a risk which they voluntarily assumed, when they furnished labor and materials for the erection of a building upon a lot already encumbered by judgments to the extent of $5235.

The order of subrogation of September 28th 1878, is reversed and set aside, at the costs of the appellees.