## Menich v. Bizic.    Ootracic v. Bizic & Bizic.

*Uniform Partnership Act — Sale of partnership property on execution against member of firm—Marshaling assets between creditors of a partner and of the firm—Distribution of proceeds of sheriff's sale.*

1. The Uniform Partnership Act of March 26, 1915, § 25 (c), P. L. 18, 24, provides: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." Therefore, a sale of the interest of a partner in partnership property on a writ of execution against him individually passes only his interest in the partnership.

2. The sheriff, having in his possession executions against a partnership and other executions against one of the partners individually, sold some of the partnership property on one of the executions against the individual partner, and then sold the remaining assets on an execution against the, firm: *Held*, that the principle of the marshaling of assets did not apply, and that the partnership writs should first be paid out of the fund and the residue should be divided between the two partners individually, or applied on the individual writs against them.

Distribution of *fieri facias* No. 20, June Term, 1921, and *fieri facias* No. 23, June Term, 1921. C. P. Beaver Co.

*Reed & Reed,* for Steve Ootracic; *Moorhead & Marshall,* for R. D. Deutsch.

READER, J., Aug. 11, 1921.—The question involved in this case is the distribution of a fund in the hands of the Sheriff of Beaver County. The fund in his hands amounts to $1380.60, realized by him out of the sale of personal property on two writs of *fieri facias;* one writ of Rade Menich *v.* Mike Bizic, at No. 20, June Term, 1921; the other writ that of Steve Ootracic *v.* Pete Bizic and Mike Bizic, at No. 23, June Term, 1921.

It seems that Mike Bizic and Pete Bizic were partners, carrying on business in the Borough of Midland, in Beaver County. Part of the partners' property was a motor-truck, owned by them and used in their business. On the writ at No. 20, June Term, 1921, against Mike Bizic, the sheriff attempted to sell the half interest of Mike Bizic in this truck. On the other writ, at No. 23, June Term, 1921, the sheriff sold the undivided one-half interest of Pete Bizic in the truck and all the remaining partnership personal property. From the sale of the half interest of Mike Bizic in the truck the sheriff realized $450;

from the sale of the half interest of Pete Bizic in the truck he realized $250, and from the sale of the remainder of the partnership property he realized $680.60.

At the time of the sale there were in the sheriff's hands six executions, as follows:

Rade Menich v. Mike Bizic, *fieri facias* No. 20, June Term, 1921.

Steve Ootracic v. Pete Bizic and Mike Bizic, *fieri facias* No. 23, June Term, 1921.

B. Silverman v. Mike Bizic, *fieri facias* No. 28, June Term, 1921.

Steve Ootracic v. Pete Bizic and Mike Bizic, *fieri facias* No. 30, June Term, 1921.

R. D. Deutsch v. Mike Bizic, *fieri facias* No. 32, June Term, 1921.

Cairnes & Co. v. Mike Bizic, *fieri facias* No. 35, June Term, 1921.

Subsequent to the sale on the writs above mentioned, from which the fund for distribution is derived, there came into the hands of the sheriff on May 19, 1921, a writ of Steve Ootracic v. Mike Bizic and Pete Bizic, being *fieri facias* No. 67, June Term, 1921. There were no writs against Pete Bizic individually.

Certain preferred claims exist for rent and wages, which all parties in interest concede are to be first paid out of the proceeds of sale, namely: Mike Keasor, rent, $80; Frank Damico, rent, $129; John Domski, wages, $200.

On behalf of the execution creditors of the two partners it is contended that the partnership writs should be first paid in full out of the proceeds of sale and the balance divided equally between the individual partners, Pete Bizic and Mike Bizic. It is conceded that, upon making distribution in this manner, the share awarded to Mike Bizic should be applied on account first of the writ of Rade Menich against Mike Bizic, at No. 20, June Term, 1921. It is contended that the one-half of the fund remaining after the payment of partnership writs should be paid to Pete Bizic, against whom there are no individual executions.

On the other hand, individual execution creditors of Mike Bizic, particularly R. D. Deutsch, plaintiff in the writ at No. 32, June Term, 1921, contend that the proceeds of the sale of the half interest of Mike Bizic in the motor-truck, amounting to $450, constitutes a fund separate from the proceeds of the sale of the other property sold upon the partnership writ. They also contend that the individual creditors of Mike Bizic, under *fieri facias* Nos. 20, 28 and 32, June Term, 1921, had a lien only on Mike Bizic's interest in the firm property after the payment of the firm debts, while the firm creditors had a lien on both funds. They, therefore, ask the the court to apply the doctrine of the marshaling of assets and apply the sum of $930.60 realized on the sale under *fieri facias* No. 23, June Term, 1921, to the payment of the partnership writs, leaving the fund of $450 realized on the sale on the writ of Rade Menich, at No. 20, June Term, 1921, to be applied to the executions against Mike Bizic alone.

The court is of opinion that there is but one fund for distribution in this case, and that it represents partnership property.

The attempt of the sheriff to sell the undivided interest of Mike Bizic in the motor-truck on the writ at No. 20, June Term, 1921, passed no title to an interest in said truck as such. The only effect of a sale of the interest of a partner in the partnership on a writ of execution against the partner individually is to sell simply the interest of the partner in the partnership as such and not in any specific articles of property belonging to the partnership. This principle is stated in the Uniform Partnership Act of March 26, 1915, § 25 (c),

1 D. & C.

P. L. 18, in the following manner: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."

In view of the fact that no attempt was made to prevent or to set aside the sale of the interest of the partner Mike Bizic in the truck on this writ, and as the sheriff was permitted to consummate the sale and receive the proceeds thereof, the court is of opinion that this part of the fund in the sheriff's hands, as well as that realized in the sale under the writ at No. 23, June Term, 1921, against the partnership, should be treated as partnership property. The act of the sheriff in attempting to sell the interest of the individual partner in this specific article of partnership property could not change its character and make it the property of the individual partner. Neither could his act change the rule which makes partnership property first of all subject to the payment of partnership debts. This long established rule of law relating to partnership property is restated in the Uniform Partnership Act, above cited, in section 40 (h), as follows: "When partnership property and the individual properties of the partners are in the possession of a court for distribution, partnership creditors shall have priority on partnership property, and separate creditors on individual property, saving the rights of lien or secured creditors as heretofore."

The court is of opinion that, under the facts of this case, the principle of marshaling assets has no application. If the fund be treated as but one fund, representing partnership property, the creditors of an individual partner can have no claim upon this fund until partnership liabilities are paid and the individual share of each partner in the residue, if any, is ascertained. Even if there were two funds in the hands of the sheriff, one representing the property of the partnership, the other the property of Mike Bizic, as contended by his creditors, the rule would not apply. In order that the principle of marshaling may apply, there must be two funds belonging to a common debtor of the several creditors claiming, upon both of which funds certain creditors have a lien, while the creditor seeking to apply the principle has a lien upon only one of such funds. Manifestly this is not the situation before the court in this case, for, upon the basis of the contention of R. D. Deutsch, execution creditor of Mike Bizic, there are two funds not of a common debtor, but of two distinct debtors—the partnership and the individual partner, Mike Bizic.

The rule, as above stated, is settled in Pennsylvania by numerous cases: Gearhart v. Jordan, 11 Pa. 325; Lloyd et al. v. Galbraith et al., 32 Pa. 103; Fessler v. Hickernell, 82 Pa. 150; Knouf's Appeal, 91 Pa. 78; Huston's Appeal, 69 Pa. 485; Datesman's Appeal, 77 Pa. 243.

The foregoing cases recognize an apparent exception to the rule as above stated to this extent: that if the funds belong to different persons, and the fund not taken on the execution of one creditor is the one which in equity is primarily liable, the principle may be applied so as to enable another creditor who will otherwise lose his remedy to have applied on account of his claim the fund which was primarily liable and which should have been first seized and applied on the execution of the other creditor. An illustration of this exception is found in Huston's Appeal, above cited, where it was held: "Where one creditor has a judgment against principal and surety, and another has a judgment against the surety alone; if in such a case the creditor of the two collect his debt from the surety, the other creditor is entitled to the use of his judgment."

No such equity is shown to exist in the case now before the court as would bring it within this exception. If, upon a settlement of the partnership assets

and liabilities, it were apparent that Pete Bizic were indebted to Mike Bizic in the partnership account, such an equity might arise. But no such equity can be ascertained prior to a settlement of the partnership affairs. No such settlement appears to have been made in the case before the court. It has been held in the cases of Fessler *v.* Hickernell and Knouf's Appeal, above cited, that no such settlement of partnership affairs can be made by the court in a proceeding for subrogation or marshaling of assets.

The court is, therefore, of opinion that the principle of the marshaling of assets cannot be applied in this case. It follows that the partnership writs should first be paid out of the fund in the hands of the sheriff, and the residue remaining after their payment be divided between the two partners individually, the share of each individual partner being applied to the individual writs, if any, against each partner in the hands of the sheriff.

The court is also of opinion that the writ of Steve Ootracic against the two partners, at No. 67, June Term, 1921, is entitled to be paid out of the fund in the hands of the sheriff. While this writ came into the hands of the sheriff subsequent to the sale, the fund realized from the sale of the partnership property was still in the hands of the sheriff, and this execution became a lien upon the fund: Sullivan *v.* Tinker, 140 Pa. 35; Young, Smyth, Field & Co. *v.* Levy, 6 Pa. Superior Ct. 23.

In accordance with the conclusions stated in the foregoing opinion, distribution of the fund in the sheriff's hands will be made in accordance with the following

### Schedule of distribution.

| | | |
|---|---:|---:|
| Fund in hands of sheriff | | $1380.60 |
| Mike Keasor, rent | $80.00 | |
| Frank Damico, rent | 129.00 | |
| John Domski, wages | 200.00 | |
| Steve Ootracic, *fieri facias* No. 23, June Term, 1921—debt, interest and costs | 226.75 | |
| Steve Ootracic, *fieri facias* No. 30, June Term, 1921—debt, interest and costs | 174.25 | |
| Steve Ootracic, *fieri facias* No. 67, June Term, 1921—debt, interest, costs and attorney's commission | 190.74 | |
| | | 1000.74 |
| Fund belonging to individual partners | | $379.86 |
| Pete Bizic, one-half | $189.93 | |
| One-half of Mike Bizic applied on *fieri facias* of Rade Menich at No. 20, June Term, 1921: | | |
| Costs | 52.25 | |
| Debt and interest | 137.68 | |
| | | $379.86 |

### Order.

Now, Aug. 11, 1921, it is ordered, adjudged and decreed that the sheriff pay out the fund in his hands in accordance with the foregoing schedule of distribution, unless exceptions be filed to the same within ten days from this date.

**From F. H. Laird, Beaver, Pa.**