# Schwarz's Estate.

*Equity—Marshaling assets—Inequitable application of rule.*

1. The equitable principle of the marshaling of assets will not be applied, where the application brings about an unjust and inequitable result.

2. While, under certain circumstances, a creditor who has a lien on two funds must give way as to one of them to another creditor who has a lien on only one of them, the two funds must be in the hands of the same debtor.

3. Where the debtor has only one of the two funds, but the other represents an assignment of another fund as collateral to secure the indebtedness of the debtor, the principle of the marshaling of the assets cannot be applied to the detriment of the owner of the fund assigned as collateral.

4. Where four equal legatees under a will assign their shares to a trust company as collateral security for the payment of a debt due by one of them, and thereafter the shares of the debtor and

two of the assignors are further encumbered by attachments and assignments, but the share of the third assignor remains without any further encumbrance, it is error for the orphans' court to apply the entire share of the third assignor and only a portion of the shares of the two other assignors to the payment of the debt secured by the original assignment, and to apply the entire available share of the debtor and the residue of the shares of the two other assignors to the payment of subsequent attachments and assignments.

Argued May 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 132 and 223, Jan. T., 1927, by Joseph C. Holzwarth and Ernest Schwarz, from decree of O. C. Lancaster Co., April T., 1923, No. 77, dismissing exceptions to adjudication, in estate of Barbara Schwarz, deceased. Reversed.

Exceptions to adjudication. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Joseph C. Holzwarth and Ernest Schwarz appealed.

*Error assigned,* inter alia, in each case, was the decree, quoting record.

*F. Lyman Windolph,* for appellant, Ernest Schwarz. —The court below should have applied the entire available share of Joseph C. Holzwarth on account of his indebtedness to Northern Trust & Savings Co., and should have provided for the payment of the balance of this indebtedness by equal deductions from the shares of William C. Holzwarth, Gottlieb H. Holzwarth and appellant: Neff v. Miller, 8 Pa. 347; Gearhart v. Jordon, 11 Pa. 325; Huston's App., 69 Pa. 485; Ebenhardt's App., 8 S. & R. 327; Holt v. Body, 18 Pa. 207; Fessler v. Hickernell, 82 Pa. 150; Knouf's App., 91 Pa. 78; Stewart v. Stewart, 207 Pa. 59; Miller's App., 119 Pa,

620; Hoff v. Kauffman, 282 Pa. 471; Ackerman's App., 106 Pa. 1.

*B. F. Kready,* of *Zimmerman, Myers & Kready,* for appellee, Dauphin Deposit Trust Co.—The trust company, having in its hands the four assignments, had a legal right to apply any one of them to the payment of the note. The parties themselves in the assignment could have defined and specified the manner and proportion in which the shares should be applied. The instrument, however, is silent with reference thereto, and the trust company as creditor, therefore, could exercise its own judgment: Ayres v. Walton, 57 Pa. 360; Crystal A. Co. v. T. & T. Co., 281 Pa. 47; Del. Co. Trust Co. v. Haser, 199 Pa. 17.

If Ernest Schwarz was entitled to equitable relief, the burden was upon him to show the facts upon which he relied: Hoff v. Kauffman, 282 Pa. 471; Stegmaier v. Coal Co., 225 Pa. 221.

*Paul A. Mueller,* with him *John M. Groff,* for appellant, Joseph C. Holzwarth.—Cited the same cases as appellant Schwarz.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1927:

This controversy arises out of the distribution of the estate of Barbara Schwarz, deceased. She left a will in which she disposed of the residue of her estate equally among her husband and her four children by a former marriage, Daisy B. Henderson, Joseph C. Holzwarth, William C. Holzwarth and Gottlieb H. Holzwarth. On the audit it appeared that the interest of each amounted to $4,026.86. The share of Joseph was subject to a debt due to his mother when she died amounting to $342 and to two attachments, one for $246.17 and the other for $543.78. These attachments had been levied prior to October 19, 1923, on which date the three sons, Joseph, William and Gottlieb, and the surviving husband,

Ernest Schwarz, executed and delivered to the Northern Trust and Savings Company an assignment of their respective interests in the decedent's estate. The assignment recited that it was collateral security for the payment of a note of $10,000 given to the assignee by Joseph.

Subsequent to this assignment, the Dauphin Deposit Trust Company issued two attachments against Joseph's share; E. J. Lavino & Co. issued three against the share of William, and Joseph, William and Gottlieb assigned their shares to the Mechanics Trust Company as collateral security for certain indebtedness of Joseph. Ernest Schwarz did not join in this latter assignment.

On the adjudication these various claims which have been mentioned were presented to the orphans' court, which first deducted from Joseph's share the debt due by him to the decedent and the amounts claimed on the two attachments which had been levied prior to the collateral assignment to the Northern Trust and Savings Company. No complaint is made as to this, but the court then awarded the residue of Joseph's share to the Dauphin Trust Company on account of its attachments, which were subsequent in time to the collateral assignment to the Northern Trust and Savings Company, and the entire share of Ernest Schwarz was applied on account of the claim of the Northern Trust and Savings Company under its collateral assignment. The balance due to the latter after Schwarz's share was exhausted was made up by equal deductions from the shares of William and Gottlieb. The residue left of William's share was distributed to his attaching creditor E. J. Lavino & Co. and of Gottlieb's share to the Mechanics Trust Company under the assignment from him, Joseph and William to secure Joseph's debt to it.

We thus have this somewhat anomalous situation: Although Schwarz, Joseph, William and Gottlieb had all joined in the assignment to the Northern Trust and Savings Company, no portion of Joseph's share was

awarded to it, although the primary indebtedness was his, and all of Schwarz's share was awarded to it on account of Joseph's indebtedness, Schwarz getting nothing. Instead of Joseph's share after the payment of the debt to the estate and the attachments prior to the collateral assignment to the Northern Company going to the latter, it was awarded to the Dauphin Deposit Trust Company on its attachment levied subsequent to the collateral assignment, and the remainder coming to William and Gottlieb was distributed to their creditors whose rights accrued subsequent to the collateral assignment.

Ernest Schwarz and Joseph appeal from this outcome, contending that Joseph's share after the payment of the indebtedness to the estate and the attachments levied prior to October 19, 1923, should have been awarded to the Northern Trust and Savings Company on account of the collateral assignment and that the balance due to it should have been taken ratably from the shares of Schwarz, Gottlieb and William, which would have left a balance due to each of them; that nothing should have been awarded to the Dauphin Deposit Trust Company on account of its attachments against Joseph, as his share of the fund should have been exhausted before these attachments were reached; that the balance left of William's share should have been awarded to his attaching creditors, E. J. Lavino & Co. and the Mechanics Trust Company, assignee of his, Gottlieb's and Joseph's share, to whom the balance of Gottlieb's share should likewise be awarded.

The orphans' court made distribution under the equitable principle of marshaling assets, that when a creditor has a lien on two funds in the hands of the same debtor and another creditor has a lien on only one of them, the first may be compelled in equity to levy his debt out of the fund to which the other cannot resort.

This rule cannot apply to the facts presented on this record for the all sufficient reason that it brings about

an unjust and inequitable result.  It is disclosed by the assignment to the Northern Company that the real debtor is Joseph and he, his two brothers and Schwarz jointly pledged their interest in the decedent's estate "as collateral security for the payment of a note of ten thousand dollars given to the Northern Trust and Savings Company by Joseph C. Holzwarth."  As between the latter and the other assignors who were pledging their interests along with his own for his debt, of course, his share would have to be exhausted before theirs can be applied, and, when his share has been consumed, then theirs must respond in equal proportions until his entire debt is discharged.  When this has happened, then Schwarz, whose only undertaking was that his share should respond equally with that of the others in meeting the indebtedness, is entitled to whatever sum remains of his share; it cannot be appropriated to pay other claims against Joseph either directly or indirectly by taking Joseph's share and applying it to the later claims against him.

While it is true under certain circumstances that a creditor who has a lien on two funds must give way as to one of them to another creditor who has a lien on only one of them, the two funds must be in the hands of the same debtor.  Here the debtor was Joseph and he did not have two funds in his hands, he had only one,—his own interest in his mother's estate.  The orphans' court in its opinion says, "Joseph's legacy and the legacy of each William, Gottlieb and Schwarz were in his [Joseph's] hands."  This, however, is not the fact; the others did not assign their shares to Joseph but pledged them to the Northern Company as collateral for his debt to it.  The court goes on to say that Schwarz *sold* his legacy.  He did nothing of the sort, he simply pledged it as collateral for Joseph's debt, and Joseph's debt must be liquidated out of his share as far as it will go before the collateral pledged can be called upon.  Here the creditor is the Northern Company.  Its primary debtor

is Joseph. It has two funds upon which it can call, that belonging to Joseph and that belonging to Schwarz. As in Neff v. Miller, 8 Pa. 347, the creditor has a joint and several encumbrance against the estates of *two distinct debtors*. "It is......the case of two funds belonging to the different debtors, and not an instance of a double fund belonging to a common debtor. Under such circumstances, a court of equity will not, in general, compel the joint creditor to resort to one of his debtors for payment, so as to leave the estate of the other debtor for the payment of his separate and several debt, for, as between the two debtors, this might be inequitable; and the equity subsisting between them ought not to be sacrificed merely to promote the interest of the separate creditor," which is what would happen in the instant case if we followed the lower court. In the case from which we have quoted, illustrations are pointed out showing the inapplicability of the rule invoked by the orphans' court which directly parallel the case before us. In Gearhart v. Jordan, 11 Pa. 325, it was said, speaking of the rule we are considering, "Yet, when the funds or subjects of lien belong to different persons, the inquiry is whether the debt, which is a lien on both of them, or any part of it, ought in justice to be paid by one of them in relief of the other." See also Huston's App., 69 Pa. 485; Ebenhardt's App., 8 W. & S. 327; Holt v. Bodey, 18 Pa. 207; Fessler v. Hickernell, 82 Pa. 150; Knouf's App., 91 Pa. 78; Stewart v. Stewart, 207 Pa. 59; Miller's App., 119 Pa. 620. William, Gottlieb and Schwarz were equally liable on their pledge of their shares. "Those equally liable upon an obligation are bound to contribute equally to the satisfaction of any liability arising under it": Hoff v. Kauffman, 282 Pa. 471. Under the distribution ordered by the court below the contribution was unequal between them. Schwarz contributed his entire share to the joint obligation, the other two only parts of theirs, the rest going in relief of them by paying their individual debts later in point of

lien. The court should have appropriated the remainder of Joseph's share, after the payment of his debt to the estate and the prior attachments, to the payment of his indebtedness to the Northern Company, the balance of this indebtedness should then have been awarded to it equally out of the shares of William, Gottlieb and Schwarz; what remained of Schwarz's share should have been distributed to him, and the remainder of William's share should have been distributed first to E. J. Lavino & Co. and after they were paid then to the Mechanics Trust Company, assignee of Joseph, William and Gottlieb; and the remainder of Gottlieb's share should also have been distributed to the Mechanics Trust Company under his assignment to it to secure Joseph's debt.

The decree is reversed and it is directed that the court below shall make distribution in accordance with this opinion, costs to be paid out of the estate of Barbara Schwarz.