In re METROPOLITAN METALS, INC., Debtor.

Charles J. DeHART, III, Trustee in Bankruptcy For Metropolitan Metals, Inc., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 79–318.

United States Bankruptcy Court, M.D. Pennsylvania.

July 5, 1985.

Edward W. Rothman, Harrisburg, Pa., for plaintiff.

Will E. McLeod, Asst. U.S. Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, Charles J. DeHart, III, Trustee for Metropolitan Metals, Inc., (Metropolitan) commenced this proceeding requesting an order be entered against the United States of America through the Department of Internal Revenue Service (IRS) to compel the IRS to pursue assets of Joseph F. Enos and Caroline Enos to satisfy tax liabilities of the Enoses to the IRS before proceeding against assets of the debtors' estate. For the reasons set forth herein, we deny the plaintiff's request to compel the IRS to satisfy tax claims against the assets of the Enoses before proceeding to the assets of Metropolitan. We further find that Metropolitan is subrogated to the rights the IRS has against Enos.

Before proceeding to the facts we will outline the procedural posture of this proceeding. On December 6, 1983 the Trustee filed a complaint against the United States, acting through the Internal Revenue Service. The IRS filed an answer on January 5, 1984 raising, inter alia, a 12(b)(6) de-

fense. On October 3, 1984, the parties filed a Stipulation of Facts requesting that this Court rely on that Stipulation to make a proper determination. On November 6, 1984, Bankruptcy Judge Robert Woodside from the Harrisburg Division of the Middle District of Pennsylvania, through a Memorandum recused himself from making a determination in this proceeding. Shortly thereafter, the Trustee and the IRS filed briefs in support and in opposition to the complaint. The IRS also filed a Motion to Dismiss or for Summary Judgment and a Brief in Support. We, therefore, are combining determinations on the original complaint and the defendant's Motion for Summary Judgment or to Dismiss in this matter.

The facts are as follows. On March 29, 1979, Metropolitan filed a Petition for Relief under the provisions of Chapter XI of the Bankruptcy Act, former 11 U.S.C.A. 701, et seq. in the Middle District of Pennsylvania. On June 24, 1981, an Order was entered adjudicating Metropolitan a bankrupt. Both Metropolitan and Enos were engaged in the business of buying and selling various types of metal. Metropolitan owes Enos a debt in excess of $400,000. Joseph Enos and his wife, Caroline, experienced some problems involving their federal income taxes for the tax years of 1970 through 1972 inclusive. The IRS made assessments against Enos and his wife amounting to a sum in excess of $300,-000.00. The date of the assessments was November 14, 1977. On August 15, 1978, pursuant to the provisions of the Internal Revenue Code (26 U.S.C.A. 6331), the IRS served a Notice of Levy upon Metropolitan on account of the taxes owed by Enos and his wife. In short, the IRS levied upon accounts receivable due and owing from Metropolitan to Enos. During the course of the proceedings the IRS filed a proof of claim against Metropolitan at Claim # 134 in the amount of $232,427.35. This claim was given a priority classification. Proofs of Claims approximating $1,727,000 have been filed by general unsecured creditors. This amount does not include an unsecured claim in the amount of $410,000 filed by

Martin S. Roberts, the former President of Metropolitan. In addition, proofs of claim approximating $543,000 have been filed by creditors claiming priority status. This amount does not include the claim of the IRS in the amount of $232,427.35 or a priority claim filed by Enos in the amount of $180,733.42. The plaintiff estimates there are administrative expenses in the amount of approximately $40,000 which will be entitled to priority in accordance with § 64(a)(1) of the Bankruptcy Act, former 11 U.S.C.A. § 104. The plaintiff has taken possession and has liquidated all the assets of Metropolitan. There are funds in the estate of Metropolitan approximating $750,000. Enos owns certain real estate and personal property which is subject to the lien of the IRS for the taxes.

Paragraph 15 of the Stipulation filed by the parties recites that they have stipulated solely for the "... purpose of resolving the issue of whether the United States of America is entitled to share in the distribution of the proceeds generated from the liquidation of the assets of the bankrupt based on its priority claim under § 64(a)(5) of the Bankruptcy Act or whether the United States of America can first be legally compelled to attempt to collect its claim from assets of Joseph F. Enos and Caroline Enos, his wife...." To support its position that the IRS should be compelled to proceed against Enos prior to resorting to the assets of the estate of Metropolitan for collection of the debt owed by Metropolitan to the IRS the plaintiff relies primarily on the equitable doctrine of marshalling of assets. The plaintiff recognizes that although all the traditional elements of the doctrine are not present this Court, as a court of equity, may still order marshalling. The plaintiff asserts that this Court should compel the IRS to collect a tax claim against a party who is primarily liable and not Metropolitan which is secondarily liable. It further asserts that if the doctrine is not applied the general creditors of the estate will not realize the extent of their claim that would be realized if the doctrine was applied because the IRS is acting in

such a way as to deplete the funds of the estate. In short, the plaintiff argues the general inequity of this is that Enos is the party primarily liable for the tax debt and if the IRS applies the funds received from the estate to payment of Enos' tax obligation the result would be to the severe detriment of general unsecured creditors. The plaintiff notes that the IRS would not be prejudiced by the application of the doctrine because Metropolitan would hold all funds of the estate pending the outcome of any effort that the IRS would take on its own behalf to collect the funds from Enos. An exhibit filed by the plaintiff shows that Enos has equity in real estate approximating $388,000 without consideration of the tax liability. Since defendant has liens against both real and personal property owned by Enos, the plaintiff argues the IRS should be forced to satisfy the tax obligation by proceeding against those assets. In the alternative, the plaintiff argues that if the Court does not compel the IRS to marshall assets the plaintiff should be subrogated to the rights of the IRS against Enos to the extent that the IRS applies funds from the estate to payment of the tax liability.

The IRS answered by filing a Motion to Dismiss or for Summary Judgment. The IRS asserts that it is entitled to priority payment by virtue of a prepetition levy and it cannot be forced to seek payment from any uninvolved third party. In addition, the doctrine of marshalling of assets simply does not apply because Metropolitan failed to meet all the essential requisites of the application of the doctrine. The IRS relies primarily on the case presented in *Cherry Valley Homes, Inc.*, 255 F.2d 706 (3d Cir.1958), *cert. denied.* The IRS asserts that 31 U.S.C. § 191 vests a statutory right to a priority payment of these taxes to the IRS and that the equitable doctrine of marshalling cannot be invoked to defeat a statutory right. In effect, the IRS argues that where equitable and statutory rights conflict statutory rights should prevail. The Government further argues that the Trustee's complaint in the nature of an action for injunctive relief is barred by the Anti-Injunction Act found in 26 U.S.C. § 7421. We must note that the Government did not respond to the plaintiff's request that the estate be subrogated to any position the IRS had, vis a vis, its tax claim against Enos. Based on the Stipulation of Facts presented by the parties, we find that the doctrine of marshalling of assets does not apply to this case and we, therefore, will not compel the IRS to first seek satisfaction of its tax claim against the assets of Enos before proceeding to the assets of the estate. We further find that the doctrine of subrogation does apply in this case and that the plaintiff is hereby subrogated to any rights the IRS may have had, vis a vis, its tax claim against Enos.

■ Before we begin our analysis, we must note that neither party has questioned the sufficiency nor the legality of the levy by the IRS on Metropolitan accounts receivable and, therefore, on the record, we are dealing with a perfected levy upon certain accounts receivable owned by Metropolitan. We begin our analysis by looking at the requirements of the doctrine of marshalling of assets to determine whether the facts of this case warrant its application. The Court in *In re Ludwig Honold Manufacturing Company*, 33 B.R. 724 (Bankr.E.D.Pa.1983) at page 725 summarized the doctrine of marshalling as follows:

> [W]hen a creditor has a lien on two funds in the hands of the debtor and another creditor has a lien on only one of them, the first may be compelled in equity to levy his debt out of the fund to which the other cannot resort. *Schwartz's Estate*, 290 Pa. 420, 422, 139 A. 131, 132 (1927); *Ramsay's Appeal*, 2 Watts 228, 232 (1834); *Lloyd v. Galbraith*, 32 Pa. 103, 108 (1858).

While the plaintiff artfully briefed and argued why the doctrine of marshalling of assets should be applied in this case, we find that the requirement that there be two funds in the hands of the same debtor is not presented by the facts. Strictly speaking, the accounts receivable levied upon by

the Government do not represent funds belonging to the estate. We make this determination by relying on a Third Circuit Opinion in the case of *In the Matter of Cherry Valley Homes, Inc.*, 255 F.2d 706 (3rd Cir.1958). The Court wrote that the issue in that case was whether the United States was entitled to have a certain claim paid out of the assets of Cherry Valley Homes, a corporation in reorganization under Chapter X of the Bankruptcy Act before provision was made for the claims of the general creditors. As in this case, the IRS served a Notice of Levy on a debtor who was a creditor of a third party who owed delinquent taxes to the IRS. The Court, writing about the consequence of the levy provided the following at page 707:

> [T]his levy effectively and exclusively appropriated the debt to the satisfaction of the tax claim six months before the Chapter X proceeding was instituted. *United States v. Liverpool & London & Globe Ins. Co.*, 1955, 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; *Kyle v. McQuirk*, 3 Cir., 1936, 82 F.2d 212; *United States v. Eiland*, 4 Cir., 1955, 223 F.2d 118. Such a levy is treated in law like a seizure of corporeal property, taken into the possession of a collector by way of distraint for taxes. See *Freeman v. Mayer*, 3 Cir., 1958, 253 F.2d 295, 298; 26 U.S.C. §§ 6331, 6332. Appellant recognizes that such a levy at least makes the government a lienor, with a perfected right to have the entire debt paid to it. By whatever name the appropriation shall be called, it seems clearly sufficient to establish a priority of right to satisfaction which the debtor's subsequent insolvency does not affect.

As in *Cherry Valley*, the debtor argues that there is a lack of equity in affording the Government a priority status over other creditors of the debtor. This court, however, finds no inequity in recognizing that the Government acquired a priority position over general creditors many months before the debtor filed its bankruptcy proceeding by utilizing the dictates of certain statutes in order to assert and perfect a claim against a debt owed the IRS. For these reasons we find that the doctrine of the marshalling of assets simply cannot be applied to the facts of this case. While we do not agree that there is a lack of equity in affording the Government a priority status in this case, we nonetheless realize that the estate, and more particularly the general creditors, do suffer a detriment by the IRS levy. We have determined that the plaintiff's alternative argument that the debtor should be subrogated to the position the IRS has, vis a vis, Enos should be afforded the debtor. We, therefore, determine that the facts of this case present a situation in which the debtor should be subrogated to the position held by the IRS pursuant to the levy. The Bankruptcy Court in *In re Co-Build Companies, Inc.*, 21 B.R. 635 (Bankr.E.D.Pa. 1982) provides the following comments on the doctrine of subrogation:

> [2, 3] In the case of *American Surety Co. v. Bethlehem National Bank*, 314 U.S. 314, 62 S.Ct. 226, 86 L.Ed. 241 (1941), the United States Supreme Court explained the doctrine of subrogation:
>
> > Among the oldest of these [equitable doctrines evolved by the courts] is the rule of subrogation whereby one who has been compelled to pay a debt that ought to have been paid by another is entitled to exercise all remedies which the creditor possessed against that other.
>
> Subrogation is not a matter of strict right but is purely equitable in nature, dependent upon the facts and circumstances of each particular case. The courts will not use the doctrine of subrogation (1) where it would be inequitable to do so, (2) where it would work injustice to others having equal equities or (3) where it would operate to defeat another's legal rights. (Citations omitted).

Pursuant to the facts of this case we cannot conceive of any reason why a conclusion that the plaintiff should be subrogated to the rights the IRS has against Enos would be inequitable or would work any injustice against others or would oper-

ate to defeat another's legal rights. As in the *Co-Build Companies* case, *supra*, although the debtor was not a surety for another it also was not a volunteer. We, therefore, conclude that pursuant to the doctrine of subrogation the plaintiff, as one who has been compelled to pay the debt of another is entitled to exercise all the rights and remedies which the IRS possesses by virtue of the August 15, 1978 levy served upon Metropolitan.

We make these findings of facts and conclusions of law pursuant to Bankruptcy Rule 7052.