## In re BLUE COAL CORPORATION, Bankrupt.

## In re GLEN NAN, INC., Bankrupt.

### Bankruptcy Nos. 76–1311, 78–604.

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 13, 1993.

818

William H. Schorling, Pittsburgh, PA, for Frank J. McDonnell, trustee in bankruptcy/objector.

Michael Martineau, U.S. Dept. of Justice, Tax Div., Washington, DC, for I.R.S., claimant.

Charles A. Shea, III, Wilkes–Barre, PA, for Anthracite Health and Welfare Fund, objector.

D. Alan Harris, Chicago, IL, for Com. of Pennsylvania, party-in-interest.

Paul M. Pugliese, Kingston, PA, for Luzerne County, party-in-interest.

William G. Tressler, State College, PA, for Resource Technologies Corp., party-in-interest.

Richard W. Cross, New York State Dept. of Law, Albany, NY, for the State of N.Y., party-in-interest.

Bradford Dorrance, Harrisburg, PA, for Shipping and Coal Co., party-in-interest.

Ronald J. Wydo, Wilkes–Barre, PA, for Hanover Tp., party-in-interest.

John H. Doran, Wilkes–Barre, PA, for Doran & Nowalis, party-in-interest.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

*Nature of Proceeding:* Claims Litigation—IRS

The issue before the Court is whether various claims filed by the United States of America through the Internal Revenue Service, (hereinafter "IRS"), after the bar date for filing claims should be allowed as timely filed. The IRS asserts that all its claims filed after the bar date are amendments to a timely filed claim. The objectors, i.e. the Trustee in Bankruptcy and the Anthracite Health & Welfare Fund (hereinafter "Fund"), contend that these alleged amendments are labeled as such in an attempt to lodge a new claim after the bar date.

Claim 49 was filed timely by the IRS. This claim reflects corporate income tax liens for fiscal years ending June 6, 1967 and June 6, 1968 with interest thereon to December 12, 1976 together with a scheduled lien fee. Additionally, claim 49 reflects as priority claims corporate income taxes for fiscal years ending June 6, 1966, 1967, 1968, 1969, 1971, 1972, and 1973 with interest thereon through December 16, 1976. This claim was filed on February 16, 1978. The general bar date was February 28, 1978.

Subsequent to the bar date, claim 74 was filed on April 6, 1979. This claim is the same as claim 49 in all respects except that an unsecured priority claim for fiscal year ending June of 1975 with interest through December 12, 1976 was added. Amendments to claim 49 by claims numbered 74, 81, 83, 86, 87, 93 and 97, all reflect the addition of the unsecured priority claim for fiscal year ending June of 1975. Aside from the primary challenge to the taxes for fiscal year ending 1975, there exists collateral disputes as to the duplication of some of the taxes due and owing pre-petition and their amounts as calculated within those Proofs of Claim.

### STANDING

Since the Trustee, whose standing has not been questioned by the IRS, has filed similar objections to those made by the Fund, we will use little time in disposing of the IRS' claim that the Fund, as a secured creditor,

lacks standing to object to the IRS' claim. Nevertheless, it is ironic that when this case began in 1976, the Fund's lien was inferior in priority to mortgages that presumably exceeded the value of the Debtor's property. This rendered the Fund's judgment, for practical purposes, unsecured. It was the subsequent avoiding of the prior mortgages that rendered the Fund's judgment lien secured. Thereafter, challenges were made to the Fund's lien which have not, as yet, been resolved and may affect the Fund's judgment and/or its interest on the judgment. These claims against the Fund may result in the Fund being totally secured, partially secured and partially unsecured, and/or subordinated to unsecured creditors.

The IRS argues that a secured creditor has no standing to object to Proof of Claims since its secured interest would not be affected. The IRS suggests that an unsecured creditor may have standing but not a secured creditor.

This Court is not unfamiliar with the holding of *Fred Reuping Leather Co. v. Fort Greene Nat. Bank of Brookln NY*, 102 F.2d 372 (3rd Cir.1939), wherein the Circuit held that a general creditor has no standing to effect an appeal of a bankruptcy order absent leave to appeal.

█ Nevertheless, in the face of the Fund's allegations that the Trustee is in some sort of conspiratorial relationship with the IRS and the Commonwealth of Pennsylvania, while it may have been better practice to seek prior authority of the Court to object, this Court will authorize the Fund to proceed with its objection.

*In re McKeesport Steel Castings Co.*, 799 F.2d 91 (3rd Cir.1986) recognized that "the rule that individual creditors cannot act in lieu of the trustee is often breached when sufficient reason exists to permit the breach." *Id.* at p. 94. As was stated in *In re Morrison*, 69 B.R. 586 (Bkrtcy.E.D.Pa.1987), "... we believe it just to accord any party expending the time and financial resources to raise a claim the opportunity for a disposition on a less technical basis."

In this case, a limited number of participants have actively battled in Court over the extended life of the case. The suggestion that some parties have been inappropriately

aligned in litigating issues appears to this Court to provide sufficient cause to allow the Fund the standing which it seeks. Moreover, the IRS, in advancing its pending Motion to Remove the Trustee, has questioned the Trustee's competence to further administer the case while at the same time asserting that the Trustee is fully competent to advance objections to claims, if necessary.

Since the Fund's lien has alternated from unsecured to secured status and now may return to some sort of hybrid, this Court will not conclude that standing in this case is so fragile that it should alternate from yea to nay depending on claim treatment. The Court concludes that the Fund has standing as one of only a few active creditor-participants in a seventeen (17) year old bankruptcy case. Our conclusion is based on the literal reading of the statute which states, "Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by *parties in interest* or unless their consideration be continued for cause by the court upon its own motion." § 57(d) of the Act. (Emphasis ours.)

### *AMENDMENTS TO CLAIMS*

The Fund has challenged the ability of the IRS, as claimant, to amend its Proof of Claim absent leave of Court. This position is based on Federal Rule of Civil Procedure 15 which is incorporated into bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7015. Rule 15 indicates that "... a party may amend the party's pleading only by leave of court or by written consent of the adverse party...." Accordingly, the Fund argues that since the IRS did not request and, therefore, did not obtain leave of Court, its amendments have been improperly filed and should be stricken.

We have heretofore indicated that even though the current Bankruptcy Rules were not in effect at the time of the original filing of this Act case, i.e. December 16, 1976, that the current Rules govern the procedures utilized in disposing of pending matters. *In re Blue Coal Corp.*, Case No. 76–1311, 1994 WL 325431. Slip Op. (Bkrtcy.M.D.Pa., June 16, 1993). This is based on the second para-

graph of the enabling Order of April 25, 1983 issued by the Supreme Court of the United States wherein it was stated, "That the aforementioned Bankruptcy Rules shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies."

*Collier Pamphlet Edition, Bankruptcy Rules, at page lxxiii (1993).*

If we were not to allow the filing of the amendment because of our interpretation as to the procedures required by the new Rules, then this Court would be required to study the procedures available under the former Bankruptcy Rules to determine whether some injustice has occurred by reason of our application.

The procedure involved with claims resolution has been orphaned by the new Bankruptcy Rules since it is neither identified in Part VII (Adversary Proceeding) nor mentioned relative to those matters that might be contested under Rule 9014 (Contested Matters).

■ Since claim resolution is not clearly identified in Rule 7001 as an adversary proceeding, it can be presumed to be included as a matter to be disposed of under Rule 9014 inasmuch as suggested by the following Advisory Committee Note: "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim ... creates a dispute which is a contested matter." *Advisory Committee Note to Federal Rule of Bankruptcy Procedure 9014.*

■ Nevertheless, even though Rule 9014 specifies that in contested matters, "... relief shall be requested by motion ...", the historical practice of filing an "objection" has been retained, for unknown reasons, and is apparently considered a contested matter.

This being the case, whether Rule 7015 and, thus, Rule 15 of the Federal Rules of Civil Procedure applies to this contested matter depends on a reading of Rule 9014 which clearly indicates which Part VII Rules apply and which do not. Apparently, unless this Court had directed otherwise, Rule 7015 does *not* apply.

■ It is therefore the conclusion of this Court that leave need not be requested of the Bankruptcy Court in order to amend an earlier Proof of Claim since the Court has not directed otherwise.

### BAR DATE

The bar date is a significant obstacle to any newly-filed claim by reason of the wording of Section 57(n) of the Bankruptcy Act of 1898 which reads as follows:

n. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: *Provided, however,* That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof: ...

The IRS argues that adding new years to a late filed tax claim is not sufficient to require that the late claim be stricken, citing for support the case of *In re Hanscom Retail Foods, Inc.,* 96 B.R. 33 (Bkrtcy.E.D.Pa.1988).

Although *Hanscom* does stand for this proposition, its holding is limited to Chapter Nine and Eleven cases under the Bankruptcy Code inasmuch as Rule 3003(c)(3) specifically reserves to the Court the discretion to allow a late claim in those chapters under the Code.

Moreover, the Ninth Circuit in *Menick vs. Hoffman,* 205 F.2d 365 (9th Cir.1953) and again in *In re Anderson–Walker Industries, Inc.,* 798 F.2d 1285 (9th Cir.1986) appeared to embrace a liberal approach to amendments of claims.

Whether we should follow the Ninth Circuit's approach depends on our review of the Act and whether *this* Court concludes that the pronouncements of the United States

Supreme Court and the Third Circuit are consistent with the IRS' position.

Initially, the Supreme Court has repeatedly urged that "the plain meaning" of the statute should control. "As long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–42, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

■■■■ Assuming that Congress meant what they said relative to the bar date, the statutory bar date is not to be blithely adulterated by Court-conjured extensions or exceptions. Notwithstanding that position, this Court firmly agrees with the "Rule of Liberality" with regard to *proper* amendments to timely-filed claims. *See,* for example, *In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985) which stands for the proposition that a claim is a true amendment if it arises from the same factual background as the original filing. *Id.* at p. 1216.

As to what degree this Court should liberally allow late filed claims, we must be guided by our Circuit's cases of *In re Pigott,* 684 F.2d 239 (3rd Cir.1982); *In re Mellen Manufacturing Co.,* 287 F.2d 37 (3rd Cir. 1961) *cert. denied* 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254 (1961); and *In re Supernit,* 186 F.2d 130 (3rd Cir.1950).

These cases have strictly disallowed the filing of late claims even when denominated as amendments to earlier claims.

■■■■ This Court has studied various cases that have considered the question of whether a tax claim for one year can be amended to reflect other tax years.[1] We are compelled to agree with the majority of cases and, therefore, conclude that a tax claim for one year is as dissimilar to a tax claim for another year as it might be to a vehicular accident with a government vehicle. The bar date has a purpose and that purpose would not be served by treating a government

agency any different than a private creditor. The IRS has no right to, nor should it expect, this treatment.[2] It could have filed a timely claim at least for an unknown amount. It could have filed a request for extension of time to file a claim pursuant to Section 57(n). It *chose* not to.

### *LACHES*

The IRS has argued that laches bars objectors from validly objecting to claims fourteen years after the claim filings.

■■■ "Bankruptcy Courts are essentially courts of equity and their proceedings are inherently proceedings in equity". *Local Loan Co. v. Hunt,* 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). Furthermore, a "party coming into equity must have clean hands". *See In re McKay,* 110 B.R. 764 (Bkrtcy.W.D.Pa.1990) *citing Monsanto v. Rohm & Haas Co.,* 456 F.2d 592 (3rd Cir. 1972), *cert. den'd,* 407 U.S. 934, 92 S.Ct. 2463, 32 L.Ed.2d 817 (1972), *rehrg. den'd,* 409 U.S. 899, 93 S.Ct. 108, 34 L.Ed.2d 158 (1972), and one who seeks equity must do equity, *see e.g., Mazer v. Sargent Electric Co.,* 407 Pa. 169, 180 A.2d 63 (1962).

■■■ This not only bars an individual who has committed some misfeasance from seeking the equitable aid of the Court, but also bans an entity who, by nonfeasance, has failed to act in the capacity of a reasonable creditor. Furthermore, ... "Equity courts in particular are guided in their exercise of jurisdiction by maxims such as *Equity Aids the Diligent* ("Where the result complained of is induced by the plaintiff's own conduct, equity will generally refuse relief. Equity insists upon the conscientious obligations of suitors ... the maxim has been employed broadly to deny relief to those who neglect to take care of themselves, and who thereby suffer losses which ordinary care would have prevented ... relief will be denied to one whose prejudicial situation is attributable to

---

1. *Matter of Unroe,* 937 F.2d 346 (7th Cir.1991)

   *In re Intern. Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985)
   *In re Rains,* 139 B.R. 158 (Bkrtcy.D.Md.1992)
   *U.S. v. Owens,* 84 B.R. 361 (E.D.Pa.1988)
   *In re AM Intern., Inc.,* 67 B.R. 79 (N.D.Ill.1986)

2. "A distinctly new and different claim cannot be introduced by amendment after expiration of the filing period. The fact that the claim is a tax claim or other public or governmental claim is immaterial, as such claims are no longer specially anointed, ..." *2 Remington on Bankruptcy,* § 893–895 at page 357 (1956).

his own 'negligence,' 'carelessness,' 'want of diligence,' 'folly,' or 'inattention,'" 27 AM. JUR.2d "Equity" §§ 129, 130) and *He Who Seeks Equity Must Do Equity ...*" *In re Higginbotham,* 111 B.R. 955 (Bkrtcy. N.D.Okl.1990).

■ The IRS, as a creditor, was subject to Section 57(n) of the Bankruptcy Act and as such should have filed its claim within six (6) months of the First Meeting of Creditors or within such time as may be allowed by the Court in that six (6) month period. The IRS knew of the bankruptcy bar date and, indeed, did file a timely claim.

■ Once this Court concludes that the claim was late, no amount of equitable gymnastics including the application of laches, will breathe life into a document that when filed had no relevance to the distribution process.

The accepted view seems to be that claims presented too late should be refused filing, or, if filed notwithstanding, should be stricken from the files by the court of its own motion. A claim may get into the files of the clerk or the referee through oversight or failure of such officer, his clerk or deputy, to refuse to file it. In fact the present phrasing of § 57(n) casts some doubt on the propriety of a refusal to accept a proof of claim and to go through the routine of "filing" it, notwithstanding it is presented too late for the filing to be efficacious. But the claim cannot properly be allowed even though it thus finds its way into the files, and a motion to strike it is an appropriate method of summarily clearing the record. *2 Remington on Bankruptcy,* § 887 at page 346 (1956).

■ Nevertheless, the "Rule of Liberality" announced by the Ninth Circuit will not be discounted as irrelevant to the process. *See In re Patterson MacDonald Shipbuilding,* 293 F. 190, 191 (9th Cir.1923); *Fransican Vineyards,* 597 F.2d 181, 182 (9th Cir.1979); and *In re Anderson–Walker Industries, Inc.,* 798 F.2d 1285 (9th Cir.1986). Amendments should be allowed to any timely-filed claim if such amendments are based on the same factual background as the original filing. *See In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985); *In re Owens,* 67 B.R. 418 (Bkrtcy.E.D.Pa.1986)

*aff'd sub nom. United States v. Owens,* 84 B.R. 361 (E.D.Pa.1981); *In re Metro Transp. Co.,* 117 B.R. 143 (Bkrtcy.E.D.Pa.1990). This is only appropriate so that all parties in interest may be aware of the most current information available relative to that specific claim. This Court will liberally allow these types of amendments since all parties in interest are aware of the timely claim and have at their disposal the mechanics by which that claim can be ultimately determined. *See also In re Metro Transp. Co., supra* at p. 147.

■ Accordingly, attempts to amend proofs of claim to add new or different tax years will be disallowed. *See In re Metro Transp. Co., supra* at p. 148 (citations omitted). The relationship of taxpayer to tax recipient is such that the creditor-debtor relationship accrues on an annual basis rather than on some sort of open account. Each tax year represents a separate claim. "Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action." *In re Hartman Material Handling Systems, Inc.,* 141 B.R. 802, 810 (Bkrtcy.S.D.N.Y.1992) *citing Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■ Although laches will not aid the claimant relative to defending the objection filed to the late claims, there appears to be no bar to the use of laches relative to those objections that might have been made to the timely-filed claims legitimately amended in accordance with this decision.

■ For these reasons, we conclude that IRS Claim number 49 identifies those tax periods for which liability is claimed against the bankrupt. The Court will allow amendments for those tax periods and will consider claims for other tax periods as being untimely filed.

■ The Court will further conclude that laches, if proven, may be used as a defense to those objections filed to Claim number 49 and the tax and interest for those periods identified therein, as amended.

Laches will not lie as a defense to an objection to a claim that this Court concludes has been untimely filed.