In re METROPOLITAN METALS, INC., Debtor.

Charles J. DeHART, III, Trustee in Bankruptcy for Metropolitan Metals, Inc., Plaintiff,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 79–318.

United States Bankruptcy Court, M.D. Pennsylvania.

April 15, 1997.

Hans A. Stoeckler, No. Dighton, MA, for Enos/Claimants.

Stephen A. Moore, Edward W. Rothman, McNees, Wallace & Nurick, Harrisburg, PA, for Trustee, Charles DeHart.

Charles J. DeHart, III, Caldwell, Clouser & Kearns, Harrisburg, PA, Trustee in Bankruptcy.

Angelo Frattarelli, U.S. Dept. of Justice, Washington, DC, Charles F. T. Carroll, District Counsel, Internal Revenue Service, Philadelphia, PA, for USA, IRS.

## *OPINION AND ORDER*

JOHN J. THOMAS, Bankruptcy Judge.

This bankruptcy began under the Act of 1898 on March 29, 1979.

Pending before this Court, to be addressed in this Opinion, are a Motion of Joseph F. and Caroline Enos for Leave to Intervene (Doc. # 808) in a certain litigation and a Motion for Issuance of Writ of Execution (Doc. # 810) to enforce execution of a judgment in that litigation.

This matter came to be heard on June 12, 1996. At that time, the parties, i.e., the Internal Revenue Service ("IRS"); the Trustee, Charles DeHart, III, Esquire ("Trustee"); and Joseph F. and Caroline Enos ("Enoses"), agreed that a Stipulation of Facts filed in 1984 could be utilized by the Court as findings of fact in support of the parties' respective positions. Rather than summarize those stipulations of fact, attached as an Appendix to this Opinion is a copy of that Stipulation of Facts filed October 3, 1984 to Document # 496.

The Enoses' Motions specifically relate to an Opinion of my predecessor, the Honorable Thomas C. Gibbons, Bankruptcy Judge, issued July 5, 1985 and reported in *In re Metropolitan Metals, Inc.,* 50 B.R. 685 (Bankr.M.D.Pa.1985).

In that Opinion, Judge Gibbons (1) denied the Trustee's request to compel the IRS to satisfy their tax claims against the assets of Enoses prior to making claim against the assets of the bankrupt Metropolitan Metals, Inc.; and (2) allowed the estate of Metropolitan Metals, Inc. to be subrogated to the rights of the IRS against the Enoses to the extent that Metropolitan Metals, Inc. is required to pay the IRS.

That decision was subsequently appealed to the district court and affirmed on August 4, 1986.

The IRS has pursued the Enoses for the various tax liabilities asserted by it together with interest and whatever penalties may have accrued. Enoses, on the other hand, are hopeful that the bankruptcy Trustee for Metropolitan Metals, Inc. will pay the IRS so as to reduce and/or possibly eliminate the obligation that the Enoses may have to the IRS. These current Motions to intervene and execute the judgment are part of Enoses' ongoing effort to compel the Trustee to make this payment. The Enoses rely on Federal Rule of Civil Procedure 71, which has specifically been incorporated into the Bankruptcy Rules by Federal Rule of Bankruptcy Procedure 7071.

Initially, as an Act case, the current Federal Rules of Bankruptcy Procedure may not apply. As we have previously indicated, the current Bankruptcy Rules are applicable to pending proceedings "except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies." *In re Blue Coal Corp.,* 166 B.R. 816, 819 (Bkrtcy. M.D.Pa.1993). *Citing* Order of the Supreme Court Adopting the Rules of Bankruptcy Procedure, April 25, 1983.

The Motion to Intervene would normally come before this Court under Federal Rule of Bankruptcy Procedure 2018(a). That Rule provides that the Court may permit any interested entity to intervene generally or with respect to any specified matter. The Rule, however, limits its application to cases "under the Code." The Advisory Committee Note to Federal Rule of Bankruptcy Procedure 1001 suggests that the "Code" refers to

Public Law 95–598 (the Bankruptcy Reform Act of 1978). The Committee Note distinguishes references to the Bankruptcy Act of 1898 as being made through the term "Bankruptcy Act."

■ Nevertheless, Rule 71 specifically authorizes a party, in whose favor an order is entered, to enforce that order as if he were a party. I find that Judge Gibbons' Order of July 5, 1985, as amended and affirmed, can run in favor of the Enoses and, therefore, can be enforced by the Enoses.

■ If the IRS is being compelled to pursue the Enoses for their tax obligation covered by the levy referred to in the Opinion of July 5, 1985, then this Court will enjoin the Trustee from attempting such compulsion. That, however, is not this Court's understanding of what is happening. The IRS has pursued the Enoses, but not at the demand or insistence of the Trustee or pursuant to the order of any court. There is simply no evidence that they are pursuing Joseph F. and Caroline Enos for any reason other than to liquidate the tax obligation owing the United States government.

According to Rule 71, "(w)hen an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party...." While Rule 71 allows non-parties to enforce orders made in their favor, it can not be adopted by one to enforce an order in an action in which she has no standing to sue. *Lasky v. Quinlan*, 558 F.2d 1133 (2nd Cir.1977). J. Moore, 7 Moore's Federal Practice P71.03 (1979). A party has standing only if the interest she seeks to vindicate is "arguably within the zone of interests to be protected or regulated by the ... constitutional guarantee in question." *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184, 188 (1970). *Moore v. Tangipahoa Parish School Board*, 625 F.2d 33, 34 (5th Cir.1980).

■ While the Court has no hesitation in allowing the Enoses standing to intervene generally to enforce the rights they may have under Federal Rule of Bankruptcy Procedure 7071, I simply cannot find any evidence of a failure to comply with Judge Gibbons' Opinion and, therefore, deny as unnecessary, the Enoses Motion to enforce.

## APPENDIX

### *STIPULATION OF FACTS*

NOW COME Plaintiff, Charles J. DeHart, III, Trustee in Bankruptcy for Metropolitan Metals, Inc., and Defendant, United States of America, by respective counsel, and stipulate that the following facts shall govern the court in the rendition of a decision and judgment in the above-captioned matter:

1. On March 29, 1979, Metropolitan Metals, Inc. (Metropolitan) filed a Petition for relief under the provisions of Chapter XI of the Bankruptcy Act, former 11 U.S.C.A. 701 *et seq.*, in the United States Bankruptcy Court for the Middle District of Pennsylvania (the Court). On June 24, 1981, an Order was entered by the Court adjudicating Metropolitan a bankrupt.

2. On June 26, 1981, Charles J. DeHart, III, who was the Court appointed receiver for Metropolitan in the aforesaid Chapter XI case, was appointed Trustee for Metropolitan and subsequently qualified as Trustee. The said Charles J. DeHart, III, as Trustee, is the Plaintiff in this proceeding.

3. Prior to August 15, 1978, and perhaps subsequent to that time, Metropolitan, engaged in a business relationship with Joseph Enos and Sons which was a business owned and operated by Joseph F. Enos (Enos). The business of Enos was situate in Taunton, Massachusetts. Both Metropolitan and Enos were engaged in the business of buying and selling various types of metals. The transactions between Metropolitan and Enos were substantial and, at one time, Metropolitan owed Enos in excess of $400,000.00.

4. Enos and his wife, Caroline, experienced some problems involving their federal income taxes for the tax years of 1970 through 1972 inclusive. The Internal Revenue Service (IRS) made assessments against Enos and his wife amounting to a sum in

excess of $300,000.00. The date of the assessments was November 14, 1977.

5. On August 15, 1978, the IRS, pursuant to the provisions of the Internal Revenue Code (26 U.S.C.A. § 6331), caused a Notice of Levy to be served upon Metropolitan on account of the taxes owed by Enos and his wife, as aforesaid. A copy of the Notice of Levy is attached hereto and marked Exhibit "A". At the time of the levy, Metropolitan owed Enos a sum in excess of the tax obligation of Enos and his wife for which the levy aforesaid was made.

6. Some time in December, 1978, the IRS and Metropolitan, through its attorney, Bruce D. Foreman, entered into an agreement pursuant to which Metropolitan agreed to pay the IRS weekly sums of $1,500.00 to be applied to the tax liability of Enos and his wife for which the aforesaid levy was made. It was further agreed that the outstanding balance owed by Metropolitan to Enos at the time was $300,000.00. On December 15, 1978, Mr. Foreman directed a letter to the IRS confirming the understanding and acknowledging the amount of indebtedness of Metropolitan to Enos. A copy of the letter is attached hereto and marked Exhibit "B". Pursuant to the agreement, Metropolitan paid the IRS a total of $8,985.00, all of which was paid prior to the date Metropolitan filed its petition under Chapter XI.

7. During the course of the bankruptcy proceedings of Metropolitan, the following proofs of claim were filed by the IRS having to do with the obligation of Metropolitan to the IRS:

| Date | Claim No. | Claimant | Amount | Classification |
|---|---|---|---|---|
| 3/02/81 | 134 | IRS | $232,427.35 | Priority |
| 5/19/82 | 173 | IRS | $248,710.95 | Priority |

8. Claim number 134 is in the amount of the taxes owed by Enos to the IRS on the date the proof of claim was filed and for which the Notice of Levy was served on Metropolitan. Claim number 134 was filed by the Internal Revenue Service as a priority claim pursuant to Section 64(a)(5) of the Bankruptcy Act based on the Notice of Levy aforesaid (Exhibit "A") and the agreement of Metropolitan to pay the IRS (Exhibit "B") and 31 U.S.C.A. § 191. Claim number 173 is an amendment to claim number 134.

9. Following the service of the Notice of Levy, the following amounts were paid to the Internal Revenue Service on account of the delinquent taxes in addition to the sum referred to in paragraph 6:

| | |
|---|---|
| 7/10/79 | $ 1,202.60 |
| 5/16/80 | $18,856.77 |
| 6/03/80 | $ 4,194.84 |
| 7/31/80 | $ 4,194.84 |
| 9/02/80 | $ 4,194.84 |
| 10/01/80 | $ 4,194.84 |
| 11/04/80 | $ 4,194.84 |
| 12/01/80 | $ 4,194.84 |
| 1/07/81 | $ 4,194.84 |
| 1/31/81 | $ 4,194.84 |
| 4/15/81 | $ 3,635.00 |
| 4/15/81 | $ 641.00 |
| 2/25/82 | $ 289.87 |
| 6/21/83 | $35,983.36 |
| 8/25/83 | $ 2,786.67 |
| 4/20/84 | $ 1,915.74 |

The aforesaid payments were not made by Metropolitan Metals, Inc. or its Trustee.

10. The present amounts due the IRS for the delinquent taxes of Enos and for which

the Notice of Levy aforesaid was made is computed as follows:

|   |   |   |   |
|---|---|---|---|
| (a) | 1971 taxes | | |
| | (i) | Principal amount due | $ 55,150.82 |
| | (ii) | Interest from November 14, 1977 to September 17, 1984 | $ 75,856.25 |
| | | Total: | $131,007.07 |
| (b) | 1972 taxes | | |
| | (i) | Principal amount due | $ 83,760.03 |
| | (ii) | Interest from November 14, 1977 to September 17, 1984 | $ 67,550.02 |
| | | Total: | $151,310.05 |

11. Proofs of claim in an amount approximating $1,727,000 have been filed by general unsecured creditors in the bankruptcy proceeding of Metropolitan. The aforesaid amount does not include an unsecured claim in the amount of $410,387.27 filed by Martin S. Roberts, the former President of Metropolitan. Proofs of claim approximating $543,000 have been filed by creditors claiming priority status in accordance with Section 64 of the Bankruptcy Act, former 11 U.S.C.A. § 104. The amount of the priority claims aforesaid does not include the claim of Defendant in the amount of $232,427.35 or a priority claim filed by Enos in the amount of $180,733.42.

12. Before a payment can be made to unsecured creditors from the estate of Metropolitan, claims of administration will have to be paid. Plaintiff estimates that the amount of such claims will approximate $40,-000 and will be entitled to priority in accordance with Section 64(a)(1) of the Bankruptcy Act, former 11 U.S.C.A. § 104.

13. Plaintiff has taken possession and control of all of the tangible assets of Metropolitan and has liquidated them. Following the payment of certain claims of administration which arose during the period of the Chapter 11 proceeding, funds remain in the estate of Metropolitan and under control of Plaintiff in an amount approximating $750,-000.00. The only remaining asset of the estate of Metropolitan is a claim against the estate of said Martin S. Roberts. Plaintiff is currently pursuing the claim; however, it is not possible at this time to determine whether the claim or any part thereof will be collected.

14. Enos and/or his wife, Caroline, own certain real and personal property. Some of the property is subject to the lien of Defendant for the taxes for which the Notice of Levy was made upon Metropolitan as aforesaid. A description of the property, the identity of the owner, the mortgages or other encumbrances against the property and the value of the property, as testified to by the taxpayer, Joseph F. Enos, are reflected on Exhibit "C" which is attached hereto.

15. The above facts as set forth in paragraphs 1–14 are stipulated to by the parties hereto solely for the purpose of resolving the issue of whether the United States of America is entitled to share in the distribution of the proceeds generated from the liquidation of the assets of the bankrupt based on its priority claim under Section 64(a)(5) of the Bankruptcy Act or whether the United States of America can first be legally compelled to attempt to collect its claim from assets of Joseph F. Enos and Caroline Enos, his wife. The parties have not stipulated to these facts for any other purpose.

EXHIBIT A

**NOTICE OF LEVY**

Taunton, Mass. 027?
Attn. C. J. Hillsdale
Tel. 823 4125

August 3, 1978

TO

Metropolitan Metals Inc.
Attn: Mr. Martin S. Roberts, President
481 Freight     Camp Hill
Harrisburg, Pa.

ORIGINATING DISTRICT

Boston, Ma.

You are hereby notified that there is now due, owing, and unpaid to the United States of America from the tax whose name appears below the sum of ⟶ $ 310,333.58

| KIND OF TAX | TAX PERIOD ENDED | DATE OF ASSESSMENT | IDENTIFYING NO | UNPAID BALANCE OF ASSESSMENT | STATUTORY ADDITIONS | TOTAL |
|---|---|---|---|---|---|---|
| 1040 | 7012 | 11-14-77 | 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 | $ 61,975.60 | $2,191.51 | $ 64,167.11 |
| 1040 | 7112 | 11-14-77 | 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 | 153,660.76 | 5,815.32 | 159,476.08 |
| 1040 | 7212 | 11-14-77 | 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 | 83,760.03 | 2,930.36 | 86,690.39 |

| | |
|---|---|
| **TOTAL AMOUNT DUE** | **$310,333.58** |

You are further notified that demand has been made for the amount set forth herein upon the taxpayer who has neglected or refused to pay, and that such amount is still due, owing and unpaid from this taxpayer. Accordingly you are further notified that all property rights to property moneys credits and bank deposits now in your possession and belonging to this taxpayer (or with respect to which you are obligated) and all sums of money or other obligations owing from you to this taxpayer, or on which there is a lien provided under Chapter 64 Internal Revenue Code, are hereby levied upon and seized for satisfaction of the aforesaid tax together with all additions provided by law, and demand is hereby made upon you for the amount necessary to satisfy the liability set forth herein, or for such lesser sum as you may be indebted to him to be applied as a payment on his tax liability. Checks or money orders should be made payable to the Internal Revenue Service.

| SIGNATURE | TITLE | ADDRESS (CITY AND STATE) |
|---|---|---|
| *Charles J Hillsdale* | Revenue Officer | Taunton, Ma. |

(Name and Address of Taxpayer)

Joseph F. & Caroline P. Enos
18 Marvel St.
Taunton, Ma.      02780

**CERTIFICATE OF SERVICE**

I hereby certify that this notice of levy served by delivering a copy of it to person named below

NAME
*MARTIN S. ROB*
TITLE
*PRESIDENT*
DATE AND TIME
*8-15-78  2:15*
SIGNATURE OF REVENUE OFFICER OR SERVICE REPRESENTATIVE
*William F.K.*

PART 1—TO BE RETURNED TO INTERNAL REVENUE SERVICE    Form 668-A (Rev.)

## EXHIBIT B

MELMAN, ORKAN, NICHOLAS & LIEBERMAN

EARL J MELMAN
GEORGE W ORKAN
STEVE C NICHOLAS
ROBERT B LIEBERMAN
MILTON BERNSTEIN

BRUCE D FOREMAN
JAMES L WALSH

200 NORTH SECOND STREET
P O BOX 902
HARRISBURG PENNSYLVANIA
TELEPHONE (717) 230-930

FILE NO 73-482

December 15, 1978

EXHIBIT "B"

Mr. Charles J. Hillsdale
Revenue Officer
Internal Revenue Service
19 Court Street
Taunton, Massachusetts  02780

> In re:  Notice of levy--Joseph F. and
> Carol P. Enos
> Levy on Metropolitan Metals, Inc.

Dear Mr. Hillsdale:

I am writing to confirm my understanding of our conversation of December 13 and to put it in writing for purposes of specific explanation to my client.

Commencing Friday, December 19, 1978, and every Friday thereafter, Metropolitan Metals will forward to the Internal Revenue Service in self-addressed stamped envelopes to be provided by the Internal Revenue Service to me, payment in the amount of $1,500.00 for your levy on an account due and payable from Metropolitan Metals, Inc. to Joseph F. and Carol P. Enos, the same having been served on Metropolitan Metals August 15, 1978.

It has been agreed that the outstanding account payable is in the amount of $300,000.00 and, accordingly, at this rate of payment it would take 200 weeks to make all of the payment required. Mr. Roberts, President of Metropolitan Metals, Inc., has agreed to inform me if business profits permit increase payments and, at that time I would contact you so that we could increase the rate of payment to decrease the time during which payment would be made.

I appreciate the fact that you are cooperating with us so that this account can be paid in a manner consistent with continuing business and at the same time, allowing the government to collect the amount due.

Very truly yours,

BRUCE D. FOREMAN

BDF/mkn
cc  Mr. Martin S. Roberts, President
   Metropolitan Metals, Inc.

EXHIBIT C

| Property | Owner | Encumbrances | Value | Remarks |
|---|---|---|---|---|
| 1. 18 Dana St. Taunton, MA [commercial property] | Celtideria Realty Trust | Three mortgages having balance of $57-67,000. Lien of IRS | Approximately $400,000 | At time lien of IRS entered property was owned by Joseph F. Enos and Caroline Enos and was conveyed to Celtideria Realty Trust subject to lien |
| 2. 730 Cohannet St. Taunton, MA [residence] | Joseph F. and Caroline Enos | Mortgage in amount approximating $25,000. Lien of IRS | $80,000 | |
| 3. Cottage in Wareham, MA | Joseph F. Enos | Mortgage in amount approximating $2,000 | $30,000 | |
| 4. Apartment house containing two apartments in Taunton, MA | Joseph F. and Caroline Enos | Mortgage in amount approximating $17,000 | $40,000 | |
| 5. 58% ownership of Joseph F. Enos & Sons d/b/a Enos Metals | Joseph F. and Caroline Enos | $15,000 | A. Machinery and Equipment – $90,000 B. Inventory – $75,000 C. Accounts Receivable – $40,000 | The owner, Joseph F. Enos & Sons is a Massachusetts business trust and is in the scrap metal business which is operated at the property referred to in 1 above. The value of the inventory and accounts receivable vary from time to time |

| | Property | Owner | Encumbrances | Value | Remarks |
|---|---|---|---|---|---|
| 6. | 51% ownership of Sone Alloy Company | Joseph F. and Caroline Enos | None | Uncertain | Joseph F. Enos & Sons and Sone Alloy Company have a business relationship and during a 12-month period from November 1, 1981 to October 31, 1982 had gross sales of approximately $3,000,000 |
| 7. | Caroline Coal Co. | Caroline Enos | None | $10,000 | Caroline Enos operates this company as an individual proprietor. The value of the company is based on the value of its coal inventory |
| 8. | 70 shares of American Telephone and Telegraph Company stock | Caroline Enos | None | 4,550 | |