In re METROPOLITAN METALS, INC., Debtor.

Joseph F. and Caroline ENOS, Plaintiffs,

v.

Charles J. DeHART, III Trustee in Bankruptcy for Metropolitan Metals, Inc., Defendant,

and

United States of America, Defendant.

Bankruptcy No. 79–318.

Adversary No. 5–95–0331A.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

April 15, 1997.

Hans A. Stoeckler, No. Dighton, MA, for Enos.

Stephen Moore, Edward Rothman, Harrisburg, PA, for Charles DeHart.

Charles DeHart, III, Hummelstown, PA, Chapter 7 Trustee.

Angelo Frattarelli, U.S. Dept. of Justice, Washington, DC, for United States.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Pending before the Court are Motions to Dismiss filed by the United States of Amer-

ica and by Charles J. DeHart, III, Esquire, Trustee in Bankruptcy, both Defendants in this adversary Complaint.

The bankruptcy case commenced under the Bankruptcy Act of 1898, shortly before the effective date of the Bankruptcy Code of 1978. In one form or another, it is the dispute between the Plaintiff and the two Defendants that has allowed this case to remain open over these many years.

In a nutshell, Metropolitan Metals, Inc., the Bankrupt, owed to Joseph F. and Caroline Enos a certain sum of money prior to bankruptcy. Joseph F. and Caroline Enos owe the Internal Revenue Service ("IRS") certain taxes for a period prior to the bankruptcy of Metropolitan Metals. The IRS levied on the receivable owing from Metropolitan to the Enoses prior to Metropolitan's bankruptcy on March 29, 1979.

Subsequent to the bankruptcy, the IRS filed a proof of claim (Claim # 134) asking for a priority under § 64a(5) of the Bankruptcy Act, which reads,

§ 64. **Debts Which Have Priority.** a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be ... (5) debts other than for taxes owing to any person, including the United States, who by the laws of the United States is entitled to priority, and rent owing to a landlord who is entitled to priority by applicable State law or who is entitled to priority by paragraph (2) of subdivision c of Section 67 of this Act: *Provided, however,* That such priority for rent to a landlord shall be restricted to the rent which is legally due and owing for the actual use and occupancy of the premises affected, and which accrued within three months before the date of bankruptcy. 2 William T. Laube, et al., Collier Bankruptcy Manual § 64 at A–125 (1976).

The "laws of the United States" include 31 U.S.C. § 191 [1], the provisions of which are as follows:

**1.** 3A James William Moore, Collier on Bankrupt-

### § 191. Priority established

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed. 31 U.S.C. § 191.

31 U.S.C. § 192 further suggests that a fiduciary, i.e., the bankruptcy Trustee, may have personal liability with regard to the payment of this obligation.

While the IRS has apparently limited their collection activity against the estate to the proof of claim and its amendments, they have pursued collection of the original tax obligation against Joseph F. and Caroline Enos in their home state of Massachusetts. Certain of the personal assets of Joseph F. and Caroline Enos have been used to reduce the tax obligation which accounts for the subsequent amendments to the proof of claim filed in the bankrupt estate.

In this litigation, Joseph F. and Caroline Enos claim that the Trustee had a duty and a personal obligation to pay the tax evidenced by Claim 134 and its amendments. Since the Trustee has not paid that claim to date, the Enoses have had to make payments to the IRS themselves, which would not have been required had the Trustee performed his "duty" under 31 U.S.C. § 191.

The prayer of the Complaint requests that the Court grant the Enoses the following relief:

1. That the United States be ordered to withdraw Claim # 175 as being not within the proceedings under the Bank-

cy ¶ 64.502 at 2249 (14th ed.1975).

ruptcy Act and disallow Claim # 175 as an amendment to Claim # 134;

2. That DeHart III be ordered to pay the full value of the levy of August 15, 1978 and Claim # 134, with interest, to the United States;

3. That DeHart III be ordered to pay the United States the amount for which the Trustee is personally liable for the debt due the United States of the levy of August 15, 1978 and Claim # 134, with interest;

4. That DeHart III be ordered to pay the Enoses $181,975.68 for their involuntary payments to the IRS for the debt of the levy of August 15, 1978 and Claim # 134, with interest;

5. That DeHart III be ordered to compensate the Plaintiffs for damages caused by Trustee's conduct, acts, and omissions that resulted in violations of Enoses' substantive due-process rights under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, General Laws c. 12, Section 11I;

6. That United States be ordered to collect from DeHart III the full value of the levy of August 15, 1978 and Claim # 134, with interest, and that the United States pay the Plaintiff for their Attorney fees and costs available under Title 26 of the United States Code as it relates to this actions; and

7. That the Plaintiffs have such other and further relief as is just and equitable.

Both the Trustee and the IRS have filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which has been incorporated into the Federal Rules of Bankruptcy, Procedure by Rule 7012(b). Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted . . . ."

Initially, the IRS argues that the Plaintiffs are without standing to contest the claim of the IRS in the case.

Section 57(d) of the Bankruptcy Act of 1898 provides that, "Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by *parties in interest* or unless their consideration be continued for cause by the court upon its own motion." (Emphasis ours.)

The Enoses ask that Claim 175 of the IRS be stricken so that the claim of the IRS that was superseded by Claim 175, i.e., Claim 134, would be fully allowed. Claim 175 reflects Claim 134 as reduced by credits from involuntary transfers of assets from Enoses personally. It is apparent that the more the bankrupt estate pays to the IRS on account of its claim, the less the IRS will look for from the Enoses. Notwithstanding this conclusion, the Court is aware that the decision in *In re Metropolitan Metals,* 50 B.R. 685 (Bankr.M.D.Pa.1985) subrogates the bankruptcy Trustee to the rights of the IRS to the extent that the estate pays this claim.

The conclusion is obvious that the fortunes of the IRS, the Trustee, and the Enoses are inextricably intertwined so as to render an allowance or disallowance of Claim 175, a critical event for all concerned parties. Furthermore, the Court is well aware that since Chief Judge Robert J. Woodside recused himself on March 24, 1995, transferring administration to myself, the only three entities that have had an active interest in this rather ancient bankruptcy have been the IRS, the Trustee, and the Enoses.

I am satisfied that the Enoses have demonstrated sufficient standing to maintain this litigation. *In re Blue Coal Corp.,* 166 B.R. 816 (Bankr.M.D.Pa.1993).

The accepted rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The allegations should be construed in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Thus, all well-pleaded allegations in the Complaint are accepted as true when considering its adequacy. *Miree v. DeKalb*

*County*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977).

Using this standard to examine the Complaint, I find that the Enoses seek redress on three fronts.

First, they request the Court to strike Claim 175, a power clearly within the purview of this Court's authority.

Second, they wish me to compel IRS "to collect" from Trustee full value of Claim 134, with interest. While anti-injunction provisions of Internal Revenue Code (26 U.S.C. § 7421) may prevent me from issuing such an order, Court certainly has power to order Trustee to pay duly allowed claims should funds of estate be sufficient and statute so provide.

Third, the Enoses want this Court to compel Trustee to pay Claim 134; pay Enoses funds that Enoses were compelled to pay IRS; and pay Enoses for damages that Trustee "caused" Enoses. While, again, Court has inherent power to compel Trustee to pay claims, it may also have responsibility to surcharge a trustee for his negligence. *In re Prindible*, 115 F.2d 21 (3rd Cir.1940) and *In re Lambertville Rubber Co.*, 111 F.2d 45 (3rd Cir.1940).

The Court is aware that Enoses' prayer for relief may be broader than may be permitted under the circumstances. Nevertheless, seeking the "wrong remedy" cannot be grounds for dismissing a claim, if such proves to be meritorious. *Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 71, 99 S.Ct. 383, 390, 58 L.Ed.2d 292 (1978).

Our Order is attached.

### *ORDER*

The Motions to Dismiss filed by the United States and the Trustee are hereby dismissed in accordance with the attached Opinion.

An answer to the Complaint shall be filed and served within twenty (20) days of the date of this Order.

A Pre–Trial Conference on this matter is scheduled for ***Tuesday, June 3, 1997*** at ***10:00*** o'clock A.M. in Courtroom No. 1, Max Rosenn United States Courthouse, 197 South Main Street Wilkes–Barre, Pennsylvania.